**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUGO MANUEL TZEP TAMBRIZ,<br>Petitioner,<br>v.<br>TSOUKARIS, et al.,<br>Respondents. | Civ. No. 26-cv-08188 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on Petitioner Hugo Manuel Tzep Tambriz's petition for a writ of habeas corpus (ECF No. 1, "Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention and seeking immediate release from custody. Petitioner was arrested by Immigration and Customs Enforcement ("ICE") pursuant to a reinstated removal order. At issue is whether Petitioner's arrest was unlawful, whether his removal order was properly reinstated, and whether the proper remedy is immediate release from custody. For the reasons explained below, the Petition is DENIED without prejudice.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who has been in custody since July 3, 2026. (ECF No. 9.) Petitioner was issued a final order of removal on January 20, 2012, and was deported to Guatemala shortly thereafter. (ECF No. 9-1.) Petitioner then re-entered the United States without inspection on an unknown date following his deportation and has lived in the United States since. (*Id.*) He was arrested by ICE during a targeted enforcement operation on July 3, 2026, pursuant to his reinstated removal order. (ECF No. 9-2.)

Petitioner alleges that his arrest violated the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and the *Accardi* doctrine. (ECF No. 1 at 6–14.) He further contends that his removal order was

not properly reinstated prior to his arrest and, therefore, ICE did not have the statutory authority to arrest and detain him pursuant to 8 U.S.C. § 1231. (ECF No. 10 at 2–6.) He contends that the appropriate remedy is release from custody. (*Id.*) Respondents assert that Petitioner's arrest was pursuant to a valid warrant, that his removal order was properly reinstated, and that he is mandatorily detained pursuant to 8 U.S.C. § 1231. (ECF No. 9.)

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

The issue before the Court is whether Petitioner's arrest was unlawful and, if it was, whether it warrants release from custody. Petitioner argues that ICE did not possess the authority to arrest him prior to reinstating his removal order and, therefore, does not have authority to continue his detention under 8 U.S.C. § 1231. (ECF No. 10.)

Turning to the evidence before the Court, Petitioner's immigration record, Form I-213, and Form I-205 dispel Petitioner's claims that ICE officers violated 8 U.S.C. § 1357(a)(2) in arresting him. (ECF Nos. 9-3 at 2; 12-1.) That statute governs the powers of immigration officers arresting a noncitizen without a warrant. *See* 8 U.S.C. § 1357(a)(2) (stating that an officer may carry out a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in

violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest"). Petitioner's arrest, however, was carried out pursuant to a warrant. (ECF No. 12-1.) Therefore, 8 U.S.C. § 1357(a)(2) does not apply. Accordingly, Respondents also did not violate the *Accardi* doctrine when ICE arrested Petitioner. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (holding that federal agencies must follow their own promulgated regulations).

Further, Petitioner challenges the assertion that his removal order was properly reinstated prior to his arrest. Under 8 C.F.R. § 241.8(a), where immigration officials determine reinstatement is appropriate, "the officer need only find that the alien in question was subject to a prior removal order, is the same person to whom that order was applied, and that he thereafter reentered the country unlawfully." *Calle Guaman v. Soto*, No. 26-1783, 2026 WL 811353, at *1 (D.N.J. Mar. 24, 2026) (citing *Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158, 158 (3d Cir. 2009)). Where a noncitizen does not provide specific "evidence to contest these minimal required facts, the reinstatement of a prior removal order is a 'simple' act with immediate effect." *Id.* (citing *Ponta-Garcia*, 557 F.3d at 161, 165).

Petitioner points to several cases where courts have found that ICE failed to follow 8 C.F.R. § 241.8(a), (b) to properly reinstate a removal order prior to arresting a noncitizen, and, therefore, lacked any authority to arrest and detain the noncitizen pursuant to 8 U.S.C. § 1231. *See, e.g.*, *Ponta-Garcia*, 557 F.3d at 161 (stating that, where a noncitizen contests the bases for reinstatement of his removal order and offers evidence of this, "the regulation requires that the immigration officer" consider the evidence and attempt to verify the claim prior to reinstating a removal order); *De La Rosa Izaguirre v. Blanche*, No. 26-2911, 2026 WL 2023200, at *11–14 (E.D.N.Y. July 13, 2026) (finding that ICE issued the Form I-205 prior to reinstating the removal order, thus violating the regulations and ordering petitioner's immediate release); *Cartagena Jaco v. Blanche*, No. 26-

4798, 2026 WL 1786007, at *4–5 (S.D.N.Y. June 22, 2026) (holding that, where ICE only filled out the Notice of Intent to Reinstate but not the Notice of Decision to Reinstate section on the Form I-871, that the reinstatement was not valid at the time of the arrest, thus ordering release from custody); *Almanza v. Oddo*, No. 26-00720, 2026 WL 1506283, at *3 (W.D. Pa. May 29, 2026) (granting habeas relief and ordering release from custody where the petitioner had been granted deferred action pursuant to his positive U-visa bona fide determination); *Sanango v. Soto*, No. 25-18328, 2026 WL 851177, at *2 (D.N.J. Mar. 27, 2026) (finding that the factual record did not support that the petitioner had a final removal order and, therefore, finding that the petitioner's detention was pursuant to § 1226(a)); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 361–62, 371–72 (S.D.N.Y. 2019) (finding that the reinstated removal order was never served on the petitioner and that, since the respondents could not produce the reinstated order for the Court until months after the petitioner's detention, that release from custody was the proper remedy).

Petitioner's case is distinguishable from those cited. ICE issued Petitioner's I-871 at the same time as Petitioner's arrest. (ECF Nos. 9-2; 9-3.) Petitioner was served with this notice simultaneously with his arrest—there was no delay—and he did not inform officers of any fear of returning to his country or contest the validity of his removal order at that time. (ECF Nos. 9; 9-3.) The reinstated order was properly filled out and served on Petitioner and there are no questions about whether he was previously removed pursuant to that removal order. Therefore, absent specific evidence to the contrary, the removal order was properly reinstated, and Petitioner's detention is proper under 8 U.S.C. § 1231. *See Calle Guaman*, 2026 WL 811353, at *1–2.

Regardless, even if Petitioner's arrest was initially unlawful, "the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody." *See Noori v. Soto*, No. 26-951, 2026 WL 631642 at * 2 (D.N.J. March 5, 2026) (quoting *Valenzuela v. Semaia*,

No. 25-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984))). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if . . . an unlawful arrest, search, or interrogation occurred." *Reano v. Rokosky*, No. 26-1745, 2026 WL 1245541, at *3 (D.N.J. May 6, 2026) (quoting *Lopez-Mendoza*, 468 U.S. at 1039); *see also Romero v. Brown*, No. 26-00007, 2026 WL 1021455 (S.D. Iowa Apr. 15, 2026) ("Even if [the petitioner's] Fourth Amendment rights were violated, his requested relief would not be the appropriate remedy. . . . A Fourth Amendment violation at the moment of arrest provides scant justification for a subsequent release from custody or a bond hearing."); *Palma v. Powell*, No. 26-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026) ("[H]abeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody."). As such, release from custody would not be the appropriate remedy for Petitioner's claims.

Because Petitioner is subject to a properly reinstated removal order, his detention is governed by 8 U.S.C. § 1231. Petitioner's removal order was final on January 20, 2012, and reinstated on July 3, 2026. (ECF No. 9-2.) Under 8 U.S.C. § 1231, detention is mandatory for the 90-day removal period and detention authority may extend beyond that period as necessary to effectuate removal. 8 U.S.C. § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (finding a presumptively reasonable period of detention of six months where there is no significant likelihood of removal in the reasonably foreseeable future). The 90-day removal period begins from the date of the reinstatement of the removal order. *See Cuellar Basurto v. Warden*, No. 26-08344, 2026 WL 2168310, at *2 (D.N.J. July 27, 2026); *Vargas Chacon v. Rokosky*, No. 26-00119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026). Petitioner has been detained since on or about

July 3, 2026, and remains detained within the presumptively reasonable period. His Petition, therefore, is premature for a due process challenge under *Zadvydas*.

## IV. CONCLUSION

For these reasons, the Petition is DENIED without prejudice. An appropriate Order follows.